UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF

| | | |
|---|---|---|
| CURTIS G. PINNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-343-TS |
| | ) | |
| LAKE COUNTY HIGHWAY DEPARTMENT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On October 16, 2009, Plaintiff Curtis G. Pinner, who is proceeding pro se in this matter, filed an Employment Discrimination Complaint [DE 1] alleging that his employer, the Lake County Highway Department, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.*, and 42 U.S.C. § 1981 when it suspended him without pay after he reported that members of management assaulted him. On May 12, 2010, the Defendant filed a Motion to Dismiss [DE 13] the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendant argues that the Plaintiff failed to state a claim upon which relief could be granted because he did not allege that he was a member of any protected class for purposes of Title VII. The Defendant also submits that the Plaintiff's claim is foreclosed because he admits in his Complaint that his supervisor informed him that the reason for his suspension was that he used inappropriate language. The Defendant argues that, "[b]y his own admission, Plaintiff's conduct on the job at the time of his suspension was not meeting the legitimate expectations of his employer; thus he cannot satisfy the second prong of the *McDonnell-Douglas* analysis."(Mot. 4, DE 13-1.) The Defendant also notes that the Plaintiff fails to allege that a similarly-situated employee outside the protected class was treated differently.

Among the submissions filed by the Plaintiff in this case are two "Memos," filed on March 24, 2010, and again on May 5, 2010. Each states that it is an "Amendment" in the subject line and identifies "File for Motion" as the action the Plaintiff is seeking. In response to these Memos, on June 15, 2010, the Defendant filed a Motion for More Definite Statement [DE 18]. The Defendant construed the Memos as the Plaintiff's attempts to amend his pleadings, but requested that he be ordered to clarify his claims.

A.   **The Plaintiff's Memos**

Because the Plaintiff is proceeding pro se, his filings are entitled to liberal construction and are "not held to the stringent standards expected of . . . lawyers." *McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000). However, even as a pro se litigant, the Plaintiff is required to follow the Federal Rules of Civil Procedure and the District's Local Rules, and he is not excused from complying with his responsibilities as a plaintiff. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (stating that while "courts are required to give liberal construction to pro se pleadings . . . it is also well established that pro se litigants are not excused from compliance with procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (stating that "the Supreme Court has made clear that even pro se litigants must follow rules of civil procedure").

The Plaintiff's Memos cite statutory provisions that are not included in the original Complaint. The Plaintiff appears to assert new claims of unjust treatment by individual supervisors, other public employees, and his labor union. The following statutes (as they appear in the Plaintiff's Memos) are among those cited: "28:0187 Unfair Labor Practices—Damages

from actions of labor org."; "28:0451 Employment Discrimination"; 28:1332lb/28:1332pi"; "28:1343 Violation of Civil Rights"; 29:0201 do Denial of Overtime Compensation"; "29:01851lm (Labor/Mgt. Relations (Contracts)"; "09-0001 (U.S. Arbitration Act)"; "The Thirteenth Amendment to the United States Constitution"; "Title 18, U.S.C. Section 241—Conspiracy Against Rights";"Federal and State Anti-Lynching Law"; and "Title 18, U.S.C. Section 245." In a section entitled "Other," the Plaintiff lists intimidation, aggravated assault, attempted murder, harassment, failure to enforce workplace restraint on assailants, collusion, fraud, and obstruction of justice as—presumably—additional causes of action. The Plaintiff asserts no facts in connection with this list and does not identify any defendants.

It is not clear which allegations the Plaintiff intends to make against which potential defendants. Currently, the only Defendant is the Lake County Highway Department, yet some of the Plaintiff's allegations cannot possibly be directed at his employer. Furthermore, his submissions refer to different defendants committing different acts, all in different transactions, without any regard for the rules governing joinder. *See* Fed. R. Civ. P. 20(2) (providing that defendants may be joined in action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action"). Likewise, the Plaintiff's submissions do not comply with Federal Rules of Civil Procedure 8 or 11, as they do not cite any basis for the Court's jurisdiction and do not contain a certificate of service. In addition, it appears that the Plaintiff presumed that his filings would be considered together with each other and with the original Complaint, but an amended pleading supersedes the original pleading and renders it effectively withdrawn as to all

matters not restated in the amended pleading. *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204–05 (7th Cir. 1998); *see also* N.D. Ind. L.R. 15.1 (requiring that a party who moves to amend a pleading must "reproduce the entire pleading as amended").

Even if the Court construes the Plaintiff's Memos [DE 6, 10] as motions to amend his Complaint, they are STRICKEN for failure to comply with the Rules of Civil Procedure. The Defendant's Motion for More Definite Statement [DE 18], which was directed at the now-stricken Memos, is DENIED AS MOOT.

**B.     Motion to Dismiss**

To state a claim under the federal notice pleading standards, all that a complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citation omitted). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

Although a plaintiff may plead himself out of court by including factual allegations that defeat his claim for relief, *see Tamayo*, 526 F.3d at 1086, the Plaintiff's allegation that his supervisor told him he was suspended for using inappropriate language with a supervisor is not such an allegation. Even if it were, the Plaintiff explicitly denies that he used inappropriate language. Presuming his well-pleaded allegations to be true and viewing them in the light most

4

favorable to the Plaintiff, *id.*, 526 F.3d at 1081, the Plaintiff's claim is that he was unlawfully assaulted, he was suspended for reporting the assault, and his supervisor's stated reason for the suspension was not the real reason.

Title VII prohibits employers from treating employees differently on the basis of race, color, religion, sex, or national origin, and from requiring people to work in discriminatorily hostile or abusive environments. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Unlawful retaliation occurs under Title VII when an employer takes an adverse employment action against an employee for opposing impermissible discrimination. *Smith v. Ne. Ill. Univ.*, 388 F.3d 559, 567 (7th Cir. 2004). The methods of proof and elements of a Title VII case are essentially identical to those involved in a claim under § 1981, which also prohibits racial discrimination. *McGowan v. Deere & Co.*, 581 F.3d 575, 579 (7th Cir. 2009); *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 736 (7th Cir. 2006).

Even presuming all well-pleaded allegations to be true and viewing them in the light most favorable to the Plaintiff, and accepting as true all reasonable inferences to be drawn from the allegations, the Plaintiff's factual allegations are not enough to raise the Plaintiff's right to relief under Title VII or § 1981 above the speculative level. According to the Complaint, the Plaintiff was approached by three supervisors who attempted to cause him bodily harm. He alleges that they aggravated a previous neck injury, but "failed to burn" him with hot coffee. (Compl. 3.) He then states that he was suspended for three days without pay when he reported the supervisors' assault. The Plaintiff never indicates that the basis for these actions was any sort of prohibited animus. The most liberal reading of the Complaint fails to reveal any inference of disparate or discriminatory treatment based on race, color, religion, sex, or national origin. The

Complaint does not even identify the protected class to which the Plaintiff belongs.

Because the Plaintiff alleges that he suffered adverse employment actions but does not allege that his gender, race, national origin, or some other protected status motivated those actions, the Complaint does not provide the Defendant with fair notice of what the claim is and does not state a claim under Title VII or § 1981. However, the deficiency in the Plaintiff's Complaint is of the type that can be cured if the Plaintiff alleges that he is a member of a protected class and that the actions of which he complains were taken against him because of his protected status. *Cf. Tamayo,* 526 F.3d at 1084 (noting that the minimal pleading standard for "simple claims of race or sex discrimination" requires only that the plaintiff aver that the employer instituted a certain adverse employment action against the plaintiff on the basis of sex or race).[1]

The Court rejects the Defendant's argument that the Plaintiff's Complaint does not state a claim under Title VII because it does not indicate that a similarly-situated employee was treated more favorably. "[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim." *Concentra Health Servs.*, 496 F.3d at 782. Plaintiffs need not allege either the factual or legal "elements" of a prima facie case under the employment discrimination laws. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *see also Twombly*, 550 U.S. at 569–70 (affirming *Swierkiewicz* as good law and rejecting the contention that the standard articulated in *Twombly* was inconsistent with *Swierkiewicz*).

---

[1] In the Memos that are being stricken, the Plaintiff refers to treatment of African-American employees and describes conduct that he alleges was directed at him because of his race. Accordingly, the Court expects that the Plaintiff will be able to cure the deficiency in his Complaint.

**CONCLUSION**

Based on the foregoing, the Plaintiff's Memos [DE 6, 10] are STRICKEN, and the Defendant's Motion for More Definite Statement [DE 18] is DENIED AS MOOT. The Defendant's Motion to Dismiss [DE 13] is GRANTED and the Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. The Plaintiff is granted until August 9, 2010, to file an amended complaint that remedies the deficiency in the original Complaint by including an allegation that the Plaintiff is a member of a protected class, and stating which actions he alleges were taken against him on the basis of this membership. The Plaintiff need not seek leave to file this amended complaint, and failure to file an amended complaint by August 9, 2010, will result in the dismissal of the Plaintiff's Complaint for failure to state a claim upon which relief may be granted. The Plaintiff may not file any other amendments unless he first files a motion seeking leave of court. The Plaintiff is admonished that all submission must comply with the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Indiana, and that failure to comply with the Rules may result in the Court striking his submissions.

SO ORDERED on July 8, 2010.

      s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION